# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| Wade Patterson, individually and on behalf of all those similarly situated | § § § § | |
| Plaintiff, | § § | Civil Action Number: _____ |
| v. | § § § | |
| Texas Stain & Polish, LLC and Monte Lusk, | § § § | Jury Demanded |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Wade Patterson ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Nature of Suit.**

    1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v.*

*Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

   2.1. Plaintiff is an individual residing in the Northern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. to pour, stain and polish concrete for Defendants' customers. Plaintiff's written consent to become a party plaintiff is being filed with the Court.

   2.2. The Class Members are other persons that were employed by Defendants to pour, stain and polish concrete for Defendants' customers in the three-year period preceding the filing of this action and were not paid overtime as required by the FLSA. The Class Members may be called concrete polishers, concrete grinders or machine operators.

   2.3. Defendant Texas Stain & Polish, LLC ("**TSP**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA. TSP's office address is 4208 Joshua Lane, Suite 1501, Dallas, Texas 75287, its registered agent is Michael Howard Rose and its registered address is 2108 Marin, Carrollton, Texas 75006.

   2.4. Upon information and belief, Defendant Monte Lusk ("**Lusk**") is a Texas resident and the owner of TSP.

   2.5. TSP and Lusk are collectively referred to as "**Defendants**."

3. **Jurisdiction and Venue.**

    3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

    3.2. Defendants carry on substantial business in the Northern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

    3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

    4.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

    4.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person (such as, for example, the tools, equipment, and/or materials utilized by Defendants' employees in pouring, staining, polishing, patterning, texturing and/or repairing concrete flooring and other installations for Defendants' customers) and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. Lusk had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Lusk had operational control of significant aspects of TSP's day-to-day functions and independently exercised control over the work situation. Lusk had direct involvement in the day-to-day operation of TSP and had direct responsibility for the supervision of the employees. Lusk set work schedules and made work assignments.

4.6. Lusk: (1) possessed the power to hire and fire the employees and did so; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

4.7. Lusk acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

4.8. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.9. Plaintiff was employed by Defendants within the applicable statute of limitations.

5. **Factual Allegations.**

   5.1. TSP is in the business of custom installation of concrete flooring and other surfaces, including polishing, staining, pattern designing, stamping and texturing of such surfaces, as well as repair and remodel of existing concrete flooring for Defendants' customers.

   5.2. Plaintiff worked for Defendants as an installation employee pouring, staining, polishing, patterning, texturing and/or repairing concrete flooring and other installations for Defendants' customers.

   5.3. Plaintiff's job responsibilities consisted of manual labor.

   5.4. Plaintiff's primary job duties consisted of conduct that did not require discretion in order to be performed or advanced training. Plaintiff's duties were routine and did not require the exercise of independent judgment or discretion.

   5.5. Plaintiff was paid on an hourly basis at a straight time rate of $12.00 per hour. Plaintiff was not paid at an overtime rate for any of the hours.

   5.6. Plaintiff and similarly situated employees regularly worked in excess of 40 hours a week. For example, during the pay-period May 11, 2016 through May 17, 2016 Plaintiff was paid for 55.83 hours at a straight time rate of $12.00 per hour. Plaintiff

was not paid at an overtime rate for any of the hours he worked in excess of 40 in a workweek.

5.7. Defendants did not pay Plaintiff, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees worked over 40 hours a week.

5.8. In fact, Defendants did not and does not pay statutory overtime to any of their employees.

5.9. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and similarly situated employees.

5.10. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for its services.

6. **Collective Action Allegations.**

6.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Other concrete polishers, concrete grinders or machine operators were paid in the same manner as Plaintiff, i.e., no overtime pay for hours worked in excess of 40 per workweek. The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

6.2. The Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked

more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.4. Defendants' failure to pay the minimum wage and/or overtime compensation at the rates required by the FLSA from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

6.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**6.6.1. All concrete polishers, concrete grinders and machine operators (regardless of actual job title) who worked for Defendants within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.7. Plaintiff brings this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

   7.2. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

   7.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and the Class Members.

   7.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

8. **Jury Demand.**

   8.1. Plaintiff demands a trial by jury herein.

9. **Relief Sought.**

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:

9.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

9.1.2. An Order requiring Defendants to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

9.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

9.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.5. All unpaid wages and overtime compensation;

9.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA;

9.1.7. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    /s/ *Chris R. Miltenberger*
     Chris R. Miltenberger
     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

_____
Plaintiff's Original Complaint
Page | 10